UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :

TRUSTEES OF THE NEW YORK CITY DISTRICT  :
COUNCIL OF CARPENTERS PENSION FUND,   :
WELFARE FUND, ANNUITY FUND, et al.,       :                25-CV-02629 (JAV)
                                                                  :
                    Petitioners,            :            MEMORANDUM OPINION
                                                                  :                    AND ORDER
            -v-                               :

JH SHADES & DRAPERIES, INC.,                  :

                    Respondent.             :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 31, 2025, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York ("Petitioners") filed a Petition to Confirm An Arbitration Award entered December 6, 2024, pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185.  ECF No. 1.  On April 8, 2025, Petitioners served copies of the Petition, supporting documents, including a copy of the December 6 award, ECF No. 1-10 (the "Award") and a memorandum of law in support of the Petition on the Respondent.  ECF No. 9.  On April 17, 2025, the Court ordered Respondent to respond to the Petition by May 29, 2025.  ECF No. 10.  To date, Respondent has neither responded to the Petition nor otherwise sought relief from the Award.

The Court GRANTS the petition and confirms the Award in its entirety.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards. 9 U.S.C. § 9. Under the FAA, courts grant an arbitrator's decision "great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "It is well recognized that it is not within the province of the federal courts to review the merits of an arbitration award" under Section 301 of the LMRA. *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 45 (2d Cir. 1985); *see also N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 03015(RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) ("Courts are not authorized to review an arbitrator's decision on the merits even in the face of allegations . . . that the decision rests on factual errors or misinterprets the parties' agreement." (cleaned up)). "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). The Court's review is focused on determining whether the Award "draws its essence from the collective bargaining agreement." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). "A barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992).

The confirmation of an arbitration award is normally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up). But the Court must nonetheless treat a petition to confirm an arbitration award, even though unopposed, "as akin to a motion for

summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013).

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110 (cleaned up). Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109–10 (cleaned up).

## DISCUSSION

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110. Prior to issuing the Award, Arbitrator Steven C. Kasarda looked at the collective bargaining agreement, ECF No. 1-2 ("CBA"), supporting documents, and the evidence and testimony provided at the hearing held on November 12, 2024. *See* ECF No. 1-10. Based on that record, the Arbitrator determined that Respondent was bound to the terms of the CBA effective July 21, 2022; pursuant to the CBA, Respondent was required to make contributions to the fringe benefit trust funds maintained by the Petitioners; an audit had determined that Respondent had not made the requisite contributions for the period of July 21, 2022, through December 29, 2023; and that after being notified of the

delinquencies, Respondent had failed to remit the required contributions.  *Id.*  The Arbitrator then determined, pursuant to the CBA and the Revised Statement of Policy for Collection of Employer Contributions ("Collection Policy") that had been adopted by the Petitioners in accordance with the CBA, the amount of damages to be awarded.  *Id.*  Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.  Accordingly, the Court grants Petitioners' unopposed petition to confirm the entire Award.

"The Second Circuit recognizes a presumption in favor of pre-judgment interest for arbitration awards."  *Constr. Council 175, Util. Workers of Am., AFL-CIO v. New York Paving, Inc.*, 708 F. Supp. 3d 221, 233 (E.D.N.Y. 2023) (citing *Waterside Ocean Nav. Co. v. Int'l Nav. Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)).  "[D]istrict courts within the Second Circuit have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'"  *Serv. Emps. Int'l Union, Loc. 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004).  The CBA provides that the arbitrator's decision is "final and binding."  ECF No. 1-2 at 34.

Moreover, the Second Circuit has recently explained that where New York law controls the issue, "post-award prejudgment interest is a statutory requirement that falls inherently outside an arbitrator's authority and within the authority of the court."  *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 180 (2d Cir. 2022).  Unless waived by the terms of the underlying agreement, the award of "prejudgment interest is mandatory" under New York law.  *Id.* at 178-80 (citing N.Y.C.P.L.R. § 5001(a)).

The Collection Policy specifies that interest for delinquent contributions shall be the "prime lending rate of JPMorgan Chase Bank plus 200 basis points."  ECF No. 1-7 § V.  The

Arbitrator calculated the applicable interest rate as 10.50% and awarded post-award interest at that rate. ECF No. 1-10. New York law sets the default prejudgment interest rate as 9% per annum. N.Y.C.P.L.R. § 5004; *see also Trs. for N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All Flooring Sols., LLC*, No. 19 CIV. 11065 (KPF), 2020 WL 2571042, at *4 (S.D.N.Y. May 21, 2020) ("Although the LMRA is silent with respect to a prejudgment interest rate, the 'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%." (cleaned up)). Parties may contract around that statutory rate, however, by including express terms in the contract providing for a different prejudgment interest rate. *KLS Diversified Master Fund, L.P. v. McDevitt*, 532 F. Supp. 3d 126, 138 (S.D.N.Y. 2021), *aff'd*, No. 21-1263, 2022 WL 2759055 (2d Cir. July 13, 2022). In light of the express provision of the Collection Policy, the Court awards prejudgment interest at the rate of 10.50% running from the date of the Award until the date judgment is entered.

The Court also awards Petitioners' requested attorneys' fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227*, 774 F.2d at 47 ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Respondent has not appeared in this case, and therefore has presented no justification for its failure to remit the contributions required by the Arbitrator. Here, Petitioner has met its burden of proving the reasonableness and necessity of hours spent, rates charged, and litigation costs incurred. ECF No. 1-12.

Finally, the Court grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Awards of post-judgment interest under Section 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to

confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004). The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

## CONCLUSION

Accordingly, IT IS ORDERED AND ADJUDGED that the Petition is GRANTED, the December 6, 2024, arbitration award is CONFIRMED, and judgment is entered in favor of Petitioners and against Respondent as follows:

1. Confirming the Award in all respects;

2. Awarding Petitioners $54,182.27 pursuant to the Award;

3. Awarding Petitioners post-award, prejudgment interest in the amount of $3,740.80;

4. Awarding Petitioners $1,648 in attorneys' fees and $119.50 in costs arising out of this proceeding; and

5. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: August 4, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge